UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO,<br><br>   Plaintiff,<br><br>   v.<br><br>JUNUS ROCHETTE McGRAW,<br><br>   Defendant. | Case No. 2:25-cv-00093-AKB<br><br>**INITIAL REVIEW ORDER AND ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

Pending before the Court is Defendant Junus Rochette McGraw's Notice of Removal (Dkt. 2), Application for Leave to Proceed In Forma Pauperis (Dkt. 1), and Demand to Quash Bench Warrant and Request for Emergency Injunction (Dkt. 4). Pursuant to 28 U.S.C. § 1915, this Court must review Defendant's application to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it

**INITIAL REVIEW ORDER AND ORDER REMANDING ACTION TO STATE COURT - 1**

confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds by Franz v. Beiersdorf, Inc.*, 745 Fed. App'x 47 (9th Cir. 2018).

Removal jurisdiction is governed by 28 U.S.C. § 1441. A state court action can only be removed if it could have originally been brought in federal court. 28 U.S.C. § 1441(a), (b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The burden is on the party invoking the federal removal statute to demonstrate federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The defendant has the burden of establishing that removal is proper and must support its jurisdictional allegations with competent proof. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (*per curiam*); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). There is a strong presumption against removal jurisdiction and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Review of the record establishes this case is not suitable for removal because there is neither a basis for federal question jurisdiction nor diversity jurisdiction. *See* 28 U.S.C. § 1441(a), (b). Rather, Defendant is seeking to remove two state criminal actions against him pending in Kootenai County, Idaho. (*See* Dkt. 2 at pp. 2-3) (providing notices of hearing in Kootenai County

**INITIAL REVIEW ORDER AND ORDER REMANDING ACTION TO STATE COURT - 2**

Case Nos. CR28-25-1658, CR28-25-1646). No jurisdictional basis exists, however, for the Court to entertain state law criminal actions against Defendant.

Further, to the extent Defendant attempts to raise civil rights allegations against the State of Idaho in his notice of removal, the *Younger* abstention doctrine prevents the Court from addressing those allegations. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Challenges to ongoing state criminal proceedings are subject to dismissal under *Younger*. In *Younger*, the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. *Id.*

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may entertain an action only when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Id.* at 54.

Here, all three *Younger* factors indicate abstention is required, and Defendant fails to show his circumstances warrant an exception.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is sua sponte **REMANDED** to state court for all further proceedings;

INITIAL REVIEW ORDER AND ORDER REMANDING ACTION TO STATE COURT - 3

    2. Defendant's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED** as moot; and

    3. Defendant's Demand to Quash Bench Warrant and Request for Emergency Injunction (Dkt. 4) is **DENIED**.

DATED: February 26, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER AND ORDER REMANDING ACTION TO STATE COURT - 4**